**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**  ) | |
| ) | |
| **v.**  ) | **Criminal No. 03-473 (GK)** |
| ) | |
| **SEAN GINYARD, et al.,**  ) | **FILED** |
| ) | |
| **Defendants.**  ) | **AUG 1 1 2008** |
| ) | **Clerk, U.S. District and Bankruptcy Courts** |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Ginyard's Motion to Dismiss the Indictment for violations of the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq. (the "Act"). Defendant Jefferson has joined in the Motion. Upon consideration of the Motion, the Opposition, and the Replies of both Defendants, and the entire record herein, and for the reasons set forth below, Defendants' Motion to Dismiss the Indictment [**Dkt. No. 228**] is **denied**.

**I.  BACKGROUND**

The Defendants were indicted on October 23, 2003 on one count of unlawful distribution of cocaine base and one count of possession with intent to distribute fifty grams or more of cocaine base. Following a jury trial, the Defendants were convicted on all counts on September 20, 2004. On April 7, 2006, the Court of Appeals vacated the convictions and remanded the case for a new trial. United States v. Ginyard, 444 F.3d 648 (D.C. Cir. 2006). The mandate issued on May 30, 2006.

Following remand, on June 8, 2006, Defendant Ginyard filed a motion for release from custody.[1]   The Government filed an opposition to Ginyard's motion on June 14, 2006.   The Court held a hearing on the motion on June 15, 2006 and deferred ruling until June 30, 2006, at which time it granted both Defendants' motions for release.   At the June 30, 2006 hearing, the Court also set an October 30, 2006 trial date and excluded the period between June 30, 2006 and October 30, 2006 under the Speedy Trial Act.

On October 10, 2006, Jefferson filed a motion to dismiss Count II of the indictment.   On October 31, 2006, the Court granted in part and denied in part Jefferson's motion.   The Defendants filed an interlocutory appeal of the Court's decision on November 1, 2006.   On January 4, 2008, the Court of Appeals affirmed the Court's order on Jefferson's motion to dismiss Count II of the indictment and dismissed Ginyard's interlocutory appeal for lack of jurisdiction.   United States v. Ginyard, 511 F.3d 203 (D.C. Cir. 2008).   The mandate issued on February 27, 2008.

On April 16, 2008, Jefferson attorneys Colleen Conry and Christine Ennis filed motions for leave to appear pro hac vice. The Court granted these motions on April 17, 2008.

On May 16, 2008, Jefferson filed a motion for severance.   The Government filed an opposition on June 10, 2008 and Jefferson filed

---

[1] Defendant Jefferson filed a similar motion on June 26, 2006.

a reply on June 16, 2008.  That motion remains pending before the
Court.

On June 19, 2008, the Court found that the period between June
19, 2008 and July 2, 2008 would be excluded for Speedy Trial Act
purposes pursuant to 18 U.S.C. § 3161(h)(8)(A), because the ends of
justice served by the continuance outweighed the best interest of
the public and the defendants in a speedy trial, as the continuance
would permit the parties to consider a possible disposition of the
case.

Finally, on July 1, 2008, Ginyard filed the instant motion to
dismiss the indictment.  The Government filed an opposition on July
14, 2008, Ginyard filed a reply on July 18, 2008, and Jefferson
filed a reply on July 21, 2008.

## II.  ANALYSIS

### A.   The Speedy Trial Act

"[T]he Speedy Trial Act comprehensively regulates the time
within which a [criminal] trial must begin."  Zedner v. United
States, 547 U.S. 489, 500 (2006).  Under the Act, a defendant must
be brought to trial within seventy days of the date the indictment
is filed in his case, or from the date the defendant first appears
before the Court, whichever date occurs later.     18 U.S.C. §
3161(c)(1).  In addition, the Act provides that:

> If the defendant is to be tried again following an
> appeal...the trial shall commence within seventy days
> from the date the action occasioning the retrial becomes
> final, except that the court retrying the case may extend

3

<u>the period for retrial not to exceed one hundred and eighty days</u> from the date the action occasioning the retrial becomes final <u>if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical</u>.

18 U.S.C. § 3161(e) (emphasis added).  The Act sets forth specific categories of delay that shall be excluded from the computation of the seventy (or 180) day deadline.  <u>Zedner</u>, 547 U.S. at 500; 18 U.S.C. § 3161(h).  The Act serves not only to guarantee a defendant's right to a speedy trial, but also to protect the public interest in the fair and timely administration of justice.  <u>Zedner</u>, 547 U.S. at 500-01.

To assert his or her rights under the Act, a defendant must move to dismiss the indictment prior to trial.  18 U.S.C. § 3162(a)(2).  If the court determines that the defendant was not brought to trial within the time periods set out by the Act, the indictment must be dismissed.  <u>Id.</u>  In such case, the court may choose to dismiss the indictment either with or without prejudice based on the following factors: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice."  <u>Id.</u>

**B.   Extension of the Speedy Trial Clock to 180 Days Is Proper**

The Government argues that the Court should extend the speedy trial period in this case from seventy to 180 days pursuant to 18 U.S.C. § 3161(e).  It contends that a number of factors have made

4

trial within seventy days "impractical."  The Defendants argue in response that trial within seventy days was entirely practical and that, in any event, the Court may not retroactively extend the period to 180 days after the initial seventy-day period has passed.

This case was initially tried in September 2004--almost four years ago--by lawyers who have all subsequently withdrawn.  Since the initial trial, the case has gone up on appeal to the Court of Appeals twice, once on direct appeal from the first trial and once on an interlocutory appeal on the eve of the date of the second trial in October 2006.

The initial trial lasted six days and involved fifteen government witnesses and two defense witnesses.  To prepare for the upcoming trial, the parties must locate these witnesses and once again prepare for their testimony.  At least one of the Government's witnesses, a police officer, is no longer employed by the Metropolitan Police Department, and may be difficult to locate.

Moreover, because none of the present lawyers were involved in the first trial, they will need substantial time to review hundreds of pages of transcripts from the first trial.  Indeed, counsel for Defendant Ginyard has repeatedly informed the Court at recent status conferences that he is not yet prepared for trial.  See e.g., Tr. of Status Conf., Apr. 17, 2008, at 9 ("Your Honor, in all candor I have done less than a minimal amount on this case.  I took it over when Mr. Bean went to New Orleans, and I frankly ignored it

because I knew it was up in the Court of Appeals, and it just came back to the front when I got the call from your chambers...Therefore, I think [filing motions] is unlikely, but I base that on the posture, not on having reviewed the case at all.").

In light of this history, it would seem appropriate to extend the speedy trial clock to 180 days pursuant to Section 3161(e). The Defendants contend, however, that the Court may not retroactively grant a Section 3161(e) extension. They point to the line of cases holding that a Section 3161(h)(8)(A) "ends of justice" continuance must be based on a district court's finding, on the record, "that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Under Section 3161(h)(8)(A), the court's finding must be made contemporaneously with the grant of the continuance, although the court need not explicitly put these findings on the record until it rules on the defendant's motion to dismiss. Zedner, 547 U.S. at 506-07.

None of these cases, however, deal with the provision of the Speedy Trial Act here at issue: Section 3161(e). See United States v. Holley, 986 F.2d 100, 103 (5th Cir. 1993) (case law discussing Section 3161(h)(8) not relevant to analysis of Section 3161(e)). Indeed, Defendants have cited only two cases that purportedly stand

for the proposition that an extension under Section 3161(e) may not be granted after expiration of the initial seventy-day period. <u>See</u> <u>United States v. Goetz</u>, 826 F.2d 1025, 1027 (11th Cir. 1987); <u>United States v. Mack</u>, 511 F. Supp. 802, 803 (D. Mass. 1981).

In <u>Goetz</u>, the Eleventh Circuit affirmed a Section 3161(e) extension "based upon the government's motion filed on March 26, 1985, prior to the extension of the original 70 days" and stated that because "the government filed its motion within the initial time limit provided in section 3161(e), Goetz cannot complain that this extension violated the express terms of the Speedy Trial Act." 826 F.2d at 1027. Thus, at a minimum, <u>Goetz</u> is factually distinguishable from this case. In addition, this statement is pure dicta, however, as it was not necessary to the Eleventh Circuit's resolution of the case. Moreover, it is unclear from the language of the opinion whether the District Court granted the extension prior to the expiration of the seventy-day period, or if the Government merely filed its motion prior to the end of the seventy days. <u>See</u> <u>id.</u> In any event, <u>Goetz</u> does not provide any guidance for this case.

<u>Mack</u> is similarly uninstructive. In that case, the district court cited no authority, nor did it explain its reasoning for holding that a Section 3161(e) extension could not be granted retroactively. 511 F. Supp. at 803. On appeal, the First Circuit reversed, albeit for different reasons involving other provisions

of the Speedy Trial Act.  <u>United States v. Mack</u>, 669 F.2d 28 (1st Cir. 1982).

The case cited by the Government is every bit as unhelpful. The Government contends that the Fifth Circuit in <u>Holley</u> upheld a district court's extension of the Speedy Trial Act clock to 180 days under Section 3161(e).  A close inspection of <u>Holley</u> reveals, though, that the question of whether an extension under Section 3161(e) could be applied retroactively was neither raised nor discussed by the court.  <u>See</u> 986 F.2d at 103.  Instead, <u>Holley</u> stands only for the proposition that "Section 3161(e) gives the trial court greater flexibility in setting cases for trial following appeal than is provided in the initial indictment-to-trial cases."  <u>Id.</u>

Given the lack of illuminating case law, the Court now turns to what is always the starting point of any statutory analysis: the plain language and structure of the statute itself.  <u>K Mart Corp. v. Cartier, Inc.</u>, 486 U.S. 281, 291 (1988) ("In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole.").  In relevant part, Section 3161(e) provides that a retrial must commence within seventy days following "the date the action occasioning the retrial becomes final, except that the court ... may extend the period for retrial" to a period of 180 days.  The court may do so "if unavailability of

witnesses or other factors resulting from passage of time shall make trial within seventy days impractical."  18 U.S.C. § 3161(e).

The language of the statute is entirely silent concerning the question of <u>when</u> the court may decide to extend the time period. Section 3161(e) is also notable in that it makes no mention of the need for contemporaneous judicial findings that are placed on the record.  Section 3161(h)(8)(A), by contrast, explicitly requires that "the court set forth, in the record of the case...its reasons for finding" that an ends of justice continuance was proper.  The Supreme Court has read this statutory language to require that a court make a contemporaneous factual finding even "if only in the judge's mind, before granting the continuance."  <u>Zedner</u>, 547 U.S. at 506.  The absence of parallel language in Section 3161(e) strongly suggests that Congress did not intend to prevent the granting of Section 3161(e) continuances after the initial seventy-day period for trial had passed.

There is good reason for the statutory requirement of contemporaneous findings for ends of justice continuances under Section 3161(h)(8)(A).  Without such explicit findings, there is a substantial "risk that a district judge in a particular case may simply rationalize his action long after the fact, in order to cure an unwitting violation of the Act."  <u>United States v. Tunnessen</u>, 763 F.2d 74, 78 (2d Cir. 1985).  "If the judge gives no indication that a continuance was granted upon a balancing of the factors

9

specified by the Speedy Trial Act until asked to dismiss the indictment for violation of the Act, the danger is great that every continuance will be converted retroactively into a continuance creating excludable time." United States v. Janik, 723 F.2d 537, 544-45 (7th Cir. 1983). For this reason, the balancing of the factors set out in Section 3161(h)(8)(A) necessarily must occur at the time the district court grants the continuance.

Section 3161(e), by contrast, does not require a balancing of different factors, but instead turns on whether trial within the seventy-day period is impractical. Such a determination need not occur prior to expiration of the initial seventy-day period. The factors suggesting the impracticality of trial within a particular period of time are fixed, and will not change with the passage of time. There is thus little danger that a court may use Section 3161(h) without justification to retroactively cure (and rationalize away) violations of the Act. Indeed, there is no meaningful reason to distinguish between a finding on the sixty-ninth day of the speedy trial clock that trial is impractical and the same finding made on the seventy-first day. To hold otherwise would needlessly exalt form over substance and would have no basis in the statutory text itself.

For these reasons, the Court holds that a Section 3161(e) extension of the speedy trial clock from seventy days to 180 days is authorized under the Speedy Trial Act after the initial seventy-

day period has elapsed. The Court therefore concludes that the speedy trial clock shall be extended to 180 days because of the impracticality of proceeding to trial within 70 days.

## C. The 180 Day Speedy Trial Period Has Not Yet Expired

The 180 day period begins to run "from the date the action occasioning retrial becomes final." 18 U.S.C. § 3161(e). The speedy trial clock therefore began to run again in this case on May 30, 2006, the date the mandate issued from the Court of Appeals following its reversal of the Defendants' convictions in the initial trial. United States v. Robertson, 810 F.2d 254, 259 n.6 (D.C. Cir. 1987) (speedy trial clock begins to run from the date the mandate issues). The Government concedes that nine days of non-excludable time passed before Ginyard filed a motion for release on June 8, 2006. After the motion was fully briefed, the Court granted the motion on June 30, 2006. The period between June 8, 2006 and June 30, 2006 is excludable as "delay resulting from any pretrial motion" under 18 U.S.C. § 3161(h)(1)(F).

On June 30, 2006, the Court also excluded the period between June 30, 2006 and October 30, 2006 under the Act.[2] On November 1, 2006, Defendants filed an interlocutory appeal of the Court's denial, in part, of Jefferson's motion to dismiss the indictment.

---

[2] A transcript for this hearing has not yet been prepared. Therefore, Defendant Ginyard reserves the right to argue that the Court's exclusion of this period of time was not proper under the Act.

11

An interlocutory appeal interrupts, but does not restart the running of the clock. United States v. Pitner, 307 F.3d 1178, 1182 (9th Cir. 2002); 18 U.S.C. § 3161(h)(1)(E) (excluding "delay resulting from any interlocutory appeal").

The speedy trial period once again began to run after the Court of Appeals issued its mandate on February 27, 2008 affirming the denial, in part, of Jefferson's motion to dismiss. Thus, the entire period between June 8, 2006 (the date of Ginyard's filing of his motion for release) and February 27, 2008 (the date the mandate issued following the Court of Appeals' resolution of the interlocutory appeal) is excludable under the Act.

The next excludable event occurred on April 16, 2008, when Jefferson's attorneys Colleen Conry and Christine Ennis filed motions for leave to appear pro hac vice. The Court granted these motions on April 17, 2008. This one-day period is therefore excludable pursuant to 18 U.S.C. § 3161(h)(1)(F).[3]

On May 16, 2008, Jefferson filed a motion for severance. That motion was fully briefed once Jefferson filed his reply on June 16, 2008. Accordingly, Jefferson's motion for severance tolls the speedy trial clock for at least a period of thirty days from the

---

[3] The Government argues that April 17, 2008 is also excludable under 18 U.S.C. § 3161(h)(3)(A) (excluding "[a]ny period of delay resulting from the absence or unavailability of the defendant") because Ginyard was being held that day on a separate charge in District of Columbia Superior Court. Since this day is otherwise excludable because of the pending pro hac vice motions, the Court need not address the Government's argument.

12

date of the filing of Jefferson's reply--that is until at least July 16, 2008. See id.; United States v. Bryant, 523 F.3d 349, 359 (D.C. Cir. 2008) (pretrial motions that do not require a hearing toll the speedy trial clock for a period of thirty days after the motion is actually under advisement).[4]

On June 19, 2008, the Court granted an ends of justice continuance pursuant to 18 U.S.C. § 3161(h)(8)(A) for the period between June 19, 2008 and July 2, 2008 to permit the parties to consider a possible disposition of this case.

The Court reserves decision on the Government's argument that the plea negotiations in this case constituted "other proceedings" under the generic catchall provision of 18 U.S.C. § 3161(h)(1). The question of whether plea negotiations constitute "other proceedings" has not been addressed in this Circuit, but at least three other Circuits have held that they do. See United States v. Van Someren, 118 F.3d 1214, 1218-19 (8th Cir. 1997); United States v. Montoya, 827 F.2d 143, 150 (7th Cir. 1987); United States v. Bowers, 834 F.2d 607, 610 (6th Cir. 1987). It is not possible for the Court to resolve this issue on the present evidentiary record, however, because the parties disagree as to when the plea negotiations actually commenced. The Government contends that plea

---

[4] It is presently unclear whether the Court will require a hearing to resolve the motion for severance. Therefore, it is conceivable that the motion could toll the speedy trial clock for an even longer period.

13

negotiations began at the April 17, 2008 status conference. Defendants argue that plea negotiations instead commenced on May 9, 2008, when the Government extended a formal plea offer, and after the initial seventy-day speedy trial period had passed.

On July 1, 2008, Defendant Ginyard filed the instant motion, which was fully briefed on July 21, 2008, thus also tolling the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(1)(F). Accordingly, the period between May 16, 2008, when Jefferson filed his motion for severance, and the present is excludable under the Act.

Thus, the only non-excludable periods that have passed since the mandate of the Court of Appeals issued on May 30, 2006 are: (1) May 30, 2006 to June 8, 2006 (nine days); (2) February 27, 2008 to April 16, 2008 (forty-nine days); and (3) April 17, 2008 to May 16, 2008 (twenty-nine days). This constitutes a total of eighty-seven non-excludable days that have elapsed out of a total of 180 days on the speedy trial clock. The Defendants' rights under the Speedy Trial Act have therefore not been violated. See 18 U.S.C. § 3161(e).

**IV. CONCLUSION**

For the reasons set forth above, the Defendants' Motion to Dismiss the Indictment [**Dkt. No. 228**] is **denied.**  An Order shall issue with this Memorandum Opinion.


Aug 8, 2008                         *Gladys Kessler*
                                    Gladys Kessler
                                    United States District Judge